IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARY ANN BURCHAM**                                                      **PLAINTIFF**

vs.                                                CIVIL ACTION NO. 1:12-cv-00176-SAA

**COMMISSIONER OF SSA**                                        **DEFENDANT**

## MEMORANDUM OPINION

      This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the applications of plaintiff Mary Ann Burcham for Supplemental Security Income ("SSI") under Title XVI and for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act. Burcham filed applications for SSI, POD and DIB on January 19, 2010, alleging disability beginning November 9, 2008. Docket 7, p. 116 - 122. The Commissioner denied her claim initially and on reconsideration. Docket 7, pp. 48-51, 60-65, 65-68. Plaintiff challenged the denial of benefits and filed a request for a hearing before an Administrative Law Judge (ALJ). Docket 7, p. 69. She was represented by an attorney at the administrative hearing on June 10, 2011. Docket 7, p. 29-42. A vocational expert, Barbara Holmes, also testified at the hearing. Docket 7, 36-40. The ALJ issued an unfavorable decision on June 28, 2011 (Docket 7, p. 11 - 22), and, after it reviewed additional information submitted by the plaintiff, the Appeals Council denied her request for review. Docket 7, p. 1-6. Plaintiff filed the instant appeal, and it is now ripe for review. Because both parties have consented to have a magistrate

judge conduct all the proceedings in this case under 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on March 28, 1968 [Docket 7, p. 116]; she was forty years old at the alleged onset of her disability and forty-three years old on the date of the ALJ's hearing decision. Docket 7, p. 33. She has a limited education, completing the 9th grade in school. Docket 10. She was previously employed as a nurse's assistant and a wood stacker. Docket 7, p. 189. The ALJ determined that plaintiff suffered from back disorder and affective mood disorder, among other ailments. Docket 7, pp. 13-14, Finding No. 3.

The ALJ determined that plaintiff suffers from "severe" impairment of bipolar disorder, but she does not have impairments or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, 416.925, 416.926). Docket 7, p. 15-16, Finding No. 4. Relying on the treatment notes of Dr. Lovell, the consultative examination report of Dr. Byers, notes from her treating psychiatrist, Dr.Stanley, the report of Dr. Thomas, opinion evidence from state agency medical consultants, Drs. William Hand and Glenda Scallorn, along with the plaintiff's testimony and the record as a whole, the ALJ concluded that plaintiff retained the Residual Functional Capacity (RFC) to perform the full range of light work, but because she had the following non-exertional limitations,

> the claimant is limited to unskilled work. She is limited to no work with the general public and no production based rate work, but can perform goal oriented work. She is limited to occasional, simple routine, non-stressful job instructions.

Docket 7, p. 16, Finding No. 5. The ALJ found the plaintiff's subjective complaints less than

fully credible and her allegations regarding the "intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." Docket 7, p. 17. In support of this credibility finding, the ALJ referred to the medical records of Dr. Lovell, Dr. Byers, Dr. Thomas, opinion evidence from Drs. Hand and Scallorn and the plaintiff's own testimony and other evidence about her activities of daily living, all of which demonstrated that despite her complaints, fatigue, and other symptoms she is capable of functioning at a level that is not as limited as one might expect given the extent of her complaints of disabling symptoms and limitations. *Id.* at 17-20.

After hearing testimony from a vocational expert [VE], the ALJ held that plaintiff's "severe" impairments prohibited her from returning to any of her past relevant work. Docket 7, p. 20, Finding No. 6. The ALJ considered the plaintiff's age, education, work experience, and RFC and determined that there are jobs that exists in significant numbers in the national economy that plaintiff can perform, including a hand presser, ironer and a ticket puller. Docket 7, p. 21.

The plaintiff requested that the Appeals Council review the decision. Docket 7, p. 1-5. The Appeals Council denied plaintiff's request for review on the ground that there was no basis for changing the ALJ's decision. *Id.* Plaintiff now appeals to this court claiming that the decision of the ALJ was not supported by substantial evidence and that he failed to "give good reason" for not granting controlling weight to plaintiff's treating psychiatrist. Docket 10.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step

3

sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three, the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g)(2010).

cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). It is the court's responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not re-weigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed."

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

*Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff alleges that considering the record as a whole, there is insufficient evidence to "allow a reasonable mind to accept the conclusions of the Administrative Law Judge." Docket 10, p. 16. Specifically, plaintiff argues that the ALJ rejected the opinions of her treating psychiatrist, Dr. Stanley, without conflicting evidence from any other physician who actually examined the plaintiff, and that the ALJ substituted his own judgment for that of a trained psychiatrist. Docket 10, pp. 11 and 16. In addition, the plaintiff argues that the ALJ did not credit Dr. Stanley's opinion that she would likely miss four of more days of work per month due to her impairments when he decided that there exists work that the plaintiff could perform and maintain. Docket 10.

The ALJ's decision detailed the plaintiff's medical history, as evidenced by the medical records, from November 2008 through March 2011 [Docket 7, pp. 12-20], and he affirmatively stated that he considered all the opinion evidence as required by 20 C.F.R. §§ 404.1527, 416.927. Docket 7, p. 22. He found that Dr. Stanley began treating plaintiff in May 2010, but that plaintiff had not received mental health treatment before that date. *Id.* at 23, 25. Technically, this statement was not entirely accurate as medical records in the administrative record show treatment for anxiety and depression in January 2010 (Docket 7, p. 532), Dr. Thomas's February 2010 mental evaluation diagnosed plaintiff with major depression (Docket 7, pp. 449-451), and plaintiff testified that she had been treated several times for clinical depression (Docket 7, p. 33). Contrary to his assertion of no mental health treatment before May 2010, the

6

ALJ went on to discuss all plaintiff's records in detail in his decision, including records of plaintiff's treatment for depression and anxiety before May 2010. *Id.*

In *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir.2000), the ALJ rejected the treating physician's opinion based on a different opinion expressed by a non-treating, non-examining physician; the Fifth Circuit held that this approach was improper and contrary to the Social Security Administration's own regulations. 209 F.3d at 456–57. The *Newton* court said, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.,* at 456; *see also Meyer v. Barnhart*, 163 F. App'x 347, 348 (5th Cir. 2006). However in order to afford lesser weight to a treating physician's opinion, the Fifth Circuit requires an ALJ to evaluate several factors:

  (i) the length of the treatment relationship and the frequency of examination,

  (ii) the nature and extent of the treatment relationship,

  (iii) the supporting evidence presented by the physician,

  (iv) the level of consistency between the physician's opinion and the record,

  (v) the physician's specialization, and

  (vi) any other relevant factors.

*Newton,* 209 F.3d at 455–56, citing what is now 20 C.F.R. § 404.1527(c). The plaintiff argues that because the ALJ failed to follow any of these steps, Dr. Stanley's opinion should have been afforded controlling weight rather than "some weight" as the ALJ determined in his decision.

Generally, "the opinion of an examining physician is. . . entitled to more weight than the

7

opinion of a non-examining physician" yet "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir.1987). In this case, the ALJ referred to Dr. Stanley's treatment notes describing the plaintiff's presentation and concluding with his diagnosis "of major depression with global assessment of functioning between 55 and 60." Docket 7, p. 14. The ALJ further noted diagnoses of depression and anxiety for which she was prescribed medication by her physician and some abnormal mood during a couple of office visits. Although plaintiff's mental health treatment notes showed a diagnosis of major depression, the ALJ pointed out that she had

> a global assessment of functioning of 55 and 60, which is consistent with only moderate symptoms per the diagnostic and Statistical Manual of Mental Disorders – Fourth Edition. Although mental health treatment notes indicate a low GAF of 51 in 2011, it is still consistent with only moderate symptoms. Additionally, Timber Hill records show the claimant improved somewhat with treatment in that her concentration progressed from poor to fair (Exhibit 25F).

Docket 7, p. 18. Apparently, and in the court's view, inexplicably, the ALJ felt that the fact that plaintiff was "calm" and "cooperative" during her treatment with Dr. Stanley and his staff contraindicated the existence of major depression or other mental impairments. The ALJ went on to point out plaintiff's activities of daily living, concluding that her limitations were not as great as she claims and that his determination of her RFC was supported by "the mental evaluation findings." *Id.* at 19. With respect to Dr. Stanley's opinion that plaintiff was severely impaired in her ability to relate to or work with others, that she was moderately impaired in her ability to follow instructions, and that she would likely miss an average of four days of work a month due to these impairments, the ALJ gave

> little weight to Dr. Stanley's opinion because it is inconsistent with the mental evaluation findings of essentially only abnormal mood and affect. The severe limitations Dr. Stanley indicated regarding contact with others is inconsistent with

8

> the claimant's calm and cooperative behavior during visits. Additionally the moderate to severe limitations, Dr. Stanley imposed are inconsistent with the claimant's activities of daily living.

Docket 7, p. 20. Rather than afford controlling weight to Dr. Stanley's opinion, the ALJ gave significant weight to the opinion of Dr. Glenda Scallorn, M.D., a non-examining state agency medical consultant because he found it was "consistent with the overall medical evidence." Docket 7, p. 19. The defendant contends that the ALJ's discussion met all the required *Newton* criteria.

Under Social Security Ruling (SSR) 96-5p, an ALJ must provide appropriate explanations when he declines to afford controlling weight to the treating physician's opinions. SSR 96-5p. *See also Devaughn v. Commissioner of Social Security*, 2009 WL 2508150 *5 (N.D. Miss. 2009). Further, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), and *Newton* require that the six specific criteria be met when a treating source opinion is not granted controlling weight. *Newton*, 209 F. 3d at 456. Even if they are not afforded controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." SSR 96-5p. In this case, the ALJ discussed the length of the treatment relationship between plaintiff and Dr. Stanley, the supporting evidence presented by Dr. Stanley, assessed the level of consistency between Dr. Stanley's opinion and the record, and Dr. Stanley's area of specialization. However, the undersigned cannot find any discussion of "frequency of examination," the "[n]ature and extent of the treatment relationship," or the fact that Dr. Stanley referred to plaintiff having suicidal ideations (Docket 7, pp. 549, 550) and paranoia (Docket 7, p. 550) and hearing voices (Docket 7, p. 549).

The opinion of the treating physician who is familiar with the claimant's impairments,

9

treatments and responses, should be accorded great weight in determining disability. *See Leggett v. Chater,* 67 F.3d 558, 566 (5th Cir.1995); *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir.1994), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). A treating physician's opinion on the nature and severity of a patient's impairment is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez,* 64 F.3d at 176, citing 20 C.F.R. § 404.1527(d)(2). In this case, Dr. Stanley's report is not inconsistent with reports from other treating. examining and evaluating sources; to the contrary, it appears that the ALJ simply disagreed with him. On the other hand, the opinion of Dr. Scallorn, a non-examining source, was dated two months before plaintiff's first visit to Dr. Stanley and is more inconsistent with the other medical evidence. Dr. Scallorn was neither privy to the entirety of the record nor did she have the opportunity to examine the plaintiff. In light of the ALJ's failure to meet all the *Newton* criteria, and the fact that Dr. Scallorn's review and opinion in this case preceded plaintiff's evaluation and ongoing treatment by a mental health specialist, the undersigned finds that the ALJ's decision is not supported by substantial evidence and should be remanded for further review consistent with this decision.[11]

## IV. CONCLUSION

After thoroughly reviewing the evidence presented to the ALJ and to the Appeals Council and the record as a whole, this court holds that the ALJ's opinion was not supported by

---

[11] Finding cause for remand, the undersigned need not address the plaintiff's remaining argument relating to the plaintiff's inability to sustain employment due to her likely missing work four or more days a month. Nevertheless, the issue has merit and should likewise be considered on remand. *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002).

substantial evidence, and the decision of the Commissioner should be remanded for further consideration consistent with this opinion. A separate judgment in accordance with this Memorandum Opinion will issue this date.

**SO ORDERED**, this, the 26th day of March, 2013.

    /s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE